HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD STROMAN and ANNETTE STROMAN, wife and husband, and the marital community comprised thereof,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, *et al.*,

Defendants.

CASE NO. C18-1297 RAJ

ORDER

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Seal (Dkt. # 10), Plaintiffs' Motion to Seal (Dkt. # 19), and State Farm's Cross-Motion to Seal (Dkt. # 29). For the reasons that follow, the Court **GRANTS** all three motions. Dkt. ## 10, 19, 29.

State Farm's initial Motion to Seal seeks to file under seal certain exhibits to declarations in support of its Motion to Compel (Dkt. # 13); specifically, (1) Exhibit E to the Supplemental Declaration of Kathryn M. Knudsen in Support of Second Motion to Compel and For Sanctions (Dkt. # 11); and (2) Exhibit B to the Declaration of Gerald Hartmann (Dkt. # 12). Dkt. # 10. Plaintiffs later filed their own Motion to Seal, as their

ORDER- 1

Response to State Farm's Motion to Compel (Dkt. # 22) relied in part on documents marked confidential by State Farm and subject to a protective order in the state court proceedings. Dkt. # 19. State Farm responded and cross-moved to seal these documents, which included (1) Plaintiffs' unredacted Response to State Farm's Motion to Compel (Dkt. # 20); and (2) Exhibit B to the Declaration of Ian S. Birk (Dkt. # 21). Dkt. # 29.

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However, where parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

The Court finds that State Farm has made the requisite showing to support the sealing of these documents. State Farm has adequately shown, with supporting argument and declarations, that the documents in question contain proprietary business information, the public release of which may cause harm. State Farm has also apparently sought to minimize the amount of information kept under seal, seeking only to seal a select few documents and pieces of information.

The Court accordingly **GRANTS** State Farm's Motion to Seal and **GRANTS** Plaintiffs' Motion to Seal/State Farm's Cross-Motion to Seal. Dkt. ## 10, 19, 29. State

Farm may maintain the following documents under seal: (1) Exhibit E to the Supplemental Declaration of Kathryn M. Knudsen in Support of Second Motion to Compel and For Sanctions (Dkt. # 11); (2) Exhibit B to the Declaration of Gerald Hartmann (Dkt. # 12); (3) Plaintiffs' unredacted Response to State Farm's Motion to Compel (Dkt. # 20); and (4) Exhibit B to the Declaration of Ian S. Birk (Dkt. # 21).

Dated this 10th day of April, 2019.

*[signature]*

The Honorable Richard A. Jones
United States District Judge