HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD STROMAN and ANNETTE STROMAN, wife and husband, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C18-1297 RAJ<br><br>ORDER |

This matter comes before the Court again on Plaintiffs' Motion to Remand and For Attorney Fees ("Motion to Remand"). Dkt. # 15. On April 22, 2019, the Court reserved ruling on Plaintiff's Motion and granted in part Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Compel certain discovery related to the timing of Plaintiffs' settlement agreement with a previous defendant, JC Services, Inc. Dkt. # 35. The relevant preliminary facts and legal issues are set forth in that Order and the Court will not repeat them here. Following this additional discovery, the parties submitted a joint filing (Dkt. # 40), with each side arguing their respective position on

whether the case should be remanded, or whether Plaintiffs prevented removal in bad faith. The Court has reviewed the parties' joint submission, and the evidence presented in favor of both sides.

For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion to Remand.

## I. DISCUSSION

The Court believes this case is a close call. The Court recognizes that that timing of JC Services' dismissal, at one year and two days after Plaintiffs filed their Complaint in state court, remains suspicious on its face. However, the updated records do not establish that this timeframe was necessarily the product of bad faith. Plaintiffs appeared to be in continued negotiations with JC Services about property inspections and the procedure for executing their settlement until August 7, 2018, despite communications indicating that the terms of the agreement were finalized in essence as of July 12 or 13. *See, e.g.*, Dkt. # 40, Exs. D, E, I, J, K, 12, 17-21, 23, 26-29, 30, 32. The record shows that Plaintiffs received the settlement check from JC Services on August 7, 2018. *Id*. at Ex. K. Plaintiffs submit a Declaration that Keller Rohrback immediately delivered the check to their accounting department and "waited for the funds to clear" before sending the stipulation for dismissal to JC Services, which occurred on August 16, 2018. *Id*. at Exs. J, 34. While the explanation for this delay of nine days is not completely airtight, as it is not clear why a settlement check took over a week to clear accounting, there is little in the record to indicate that this delay was done intentionally to defeat federal jurisdiction.

The Court ultimately finds that Defendants have not met their "high burden" of showing Plaintiffs delayed removal in bad faith. *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016). Although the Court recognizes that Plaintiffs could have moved more expeditiously in settling and dismissing their case with JC Services, there is simply not enough evidence in the record to indicate they did so with bad faith. Given that this Court must err on the side of remand in this situation, the Court will find for Plaintiffs. *See Harris v. Bankers Life &*

*Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (holding that removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand). The Court, however, will not award Plaintiffs' attorney's fees, as Defendants' basis for removing was not objectively unreasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

## II. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Remand. Dkt. # 15. The Clerk is directed to remand this action to King County Superior Court.

Dated this 24th day of June, 2019.

The Honorable Richard A. Jones
United States District Judge